UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL BLUE,

    Petitioner,

  v.           Case No. 14-CV-1537

BRIAN FOSTER,

    Respondent.

## DECISION AND ORDER

On December 10, 2014, Randall Blue, incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus. (ECF No. 1.) Brian Foster, the respondent by virtue of his position as warden of Green Bay Correctional Institution, moved to dismiss Blue's petition, alleging that Blue failed to exhaust his state court remedies and that his claims are now procedurally defaulted. (ECF No. 11.) The parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 14, 15) and the motion to dismiss is ready for resolution.

### FACTS

In late 2010, a jury in the Circuit Court for Brown County found Blue guilty of second degree sexual assault, attempted second degree sexual assault, and bail

jumping. (ECF No. 1 at 2.) The circuit court imposed consecutive sentences totaling fourteen years of initial confinement and twenty-three years of extended supervision.

On direct appeal in February 2012, Blue's appointed counsel filed a no-merit report under Wis. Stat. § 809.32(3), which explained why any conceivable argument on appeal lacked merit. In a separate brief, Blue listed twenty reasons (some of which were simply one sentence conclusions) why his appeal had merit. (ECF No. 1-1.) The Wisconsin Court of Appeals affirmed the judgment of conviction, finding that "there [wa]s no arguable merit to any issue that could be raised on appeal." (ECF No. 12-1 at 12.)

In July 2013, Blue filed a petition for review in the Wisconsin Supreme Court. (ECF No. 12-1.) He requested that the Court consider one issue: whether his sexual assault charges were multiplicitous. (ECF No. 12-1 at 3.) However, he also asked the Court to "incorporate[] herein by reference" all of his arguments contained in his brief to the Wisconsin Court of Appeals (ECF No. 12-1 at 5) and invited the Court to review those arguments, reiterating that

> because Mr. Blue is of the opinion that <u>only</u> th[e multiplicity] claim warrants <u>supreme court review</u>[,] he has only set forth arguments supporting it for review. [H]owever, Mr. Blue's petition should be viewed by this court, and any future court, as preserving for federal review <u>all</u> claims presented here and before the Wisconsin Court of Appeals.

(ECF No. 12-1 at 9 (emphasis in original).) His petition for review was denied.

On December 10, 2014, Blue filed a petition for a writ of habeas corpus in federal court. (ECF No. 1.) His habeas petition sets forth eight alleged constitutional violations that occurred during his trial and sentencing, including that the trial judge and jury were biased; that his trial counsel provided ineffective assistance; that he was denied an alternative trial counsel; that the jury instructions failed to include a lesser offense; and that the chief witness gave false testimony.

## ANALYSIS

Before a federal court can reach the merits of a petition for a writ of habeas corpus, a prisoner must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1). In the interest of comity, the State deserves the first "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan*, 513 U.S. at 365-66).

In moving to dismiss Blue's habeas petition, Foster correctly points out that Blue's petition for review filed with the Wisconsin Supreme Court expressly raised only one argument, that his charges were multiplicitous. Blue attempted to preserve federal review of the claims raised in his appellate brief by asking the Wisconsin Supreme

Court to deem the arguments raised there incorporated into his Supreme Court petition. Unfortunately for him, a petition to a state supreme court "must *contain* each contention, and not just point to some other document where it might be located." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006); *see also Tolonen v. Hepp*, No. 09-CV-498, 2010 WL 2540953, at *7 (E.D. Wis. June 18, 2010); *Ford v. Wallace*, No. 06-C-1052, 2007 WL 2407055, at *6 (E.D. Wis. Aug. 20, 2007). State court judges are not expected to scour lower courts' dockets in search of potential arguments. *See Baldwin*, 541 U.S. at 30.

The Court of Appeals for the Seventh Circuit has noted that, "if state rules entitled litigants to present arguments by incorporation, then use of that approved device would preserve these issues." *Lockheart*, 443 F.3d at 929. Wisconsin does not have such a rule. *See Obriecht v. Bartow*, No. 06-C-0253-C, 2006 WL 3246276, at *3 (W.D. Wis. Nov. 6, 2006). In fact, Wisconsin explicitly requires that "[a]ll contentions in support of the petition must be set forth in the petition." Wis. Stat. § 809.62(2)(e). Blue did not fairly present his claims to the Wisconsin Supreme Court by instructing it to review his appellate brief. Accordingly, his claims for habeas relief remain unexhausted.

The next question is whether Blue is barred from now raising his unexhausted claims in state court. So long as state court remedies remain available, a petition containing unexhausted claims may be dismissed without prejudice in order to allow the petitioner to return to federal court after exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). But if "the court to which the petitioner would be required to present

his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claims are "procedurally defaulted." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Federal courts will not consider procedurally defaulted claims, absent a showing of either a miscarriage of justice, or cause and prejudice. *Id.* at 750; *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Foster asserts that Blue's claims are procedurally defaulted and that Blue has not shown that either exception applies. (ECF No. 19.) Blue's response is somewhat confusing. He appears to argue that he can still exhaust his claims by filing a post-conviction motion in state court. (At least that is one reasonable interpretation of his arguments given his pro se status.)

In Wisconsin, a prisoner who fails to raise a claim on direct appeal is barred from raising that claim in a subsequent motion unless he provides a "sufficient reason" for his failure to raise the claim in his direct appeal. Wis. Stat. § 974.06(4); *Northern v. Boatwright*, 594 F.3d 555, 559 (7th Cir. 2010) (citing *State v. Escalona-Naranjo,* 185 Wis.2d 168, 517 N.W.2d 157 (1994)). Blue has not articulated any reason that is recognized under Wisconsin law as sufficient for his failure to raise his claims before the Wisconsin Supreme Court. He appears to assert that the alleged ineffective assistance of his attorneys caused his omission. But the alleged ineffective assistance to which he points took place during his trial. He does not explain how the alleged ineffective assistance of

5

his trial attorney hampered his ability to exhaust his claims in the Wisconsin supreme court.

Blue's lack of legal expertise is not a sufficient reason for his failure to raise the federal claims in his Wisconsin Supreme Court petition. As far as this court can determine, no Wisconsin court has permitted a prisoner a second opportunity to challenge a conviction solely because he was ignorant of the law. *See Jackson v. Baenen*, No. 12-CV-00554, 2012 WL 5988414, at *1 (E.D. Wis. Nov. 29, 2012) (citing *State v. Maddox*, 2012 WI App 118, 344 Wis. 2d 519, 822 N.W.2d 736) (unpublished)). To the contrary, several Wisconsin courts of appeal have rejected such ignorance of the law claims. *See, e.g.*, *State v. Edwards*, 2010 WI App 46, ¶ 5, 324 Wis. 2d 305, 784 N.W.2d 182 (unpublished) ("Ignorance of the law is not a sufficient excuse to challenge a judgment of conviction a second time."); *State v. Kidd*, 2011 WI App 44, ¶ 7, 332 Wis. 2d 316 (unpublished); *State v. Jensen*, 2004 WI App 89, ¶ 30, 272 Wis.2d 707, 729 ("Ignorance of the law is no defense."). Because it is clear that Blue can no longer exhaust his remedies in state court, his claims are procedurally defaulted.

Such procedural default can be excused only if a petitioner shows that dismissal would result in a miscarriage of justice, *Schlup v. Delo*, 513 U.S. 298, 315 (1995), or shows cause for the default and prejudice attributable thereto, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Blue does not argue that the first exception applies, and so it warrants no further discussion. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (citing *Franklin v.*

6

Case 2:14-cv-01537-WED    Filed 09/01/15    Page 6 of 7    Document 21

*Gilmore,* 188 F.3d 877, 884–85 (7th Cir. 1999)) (refusing to consider procedural default exception not argued by petitioner). Under the cause-and-prejudice exception, showing "cause" ordinarily requires that the petitioner demonstrate that an "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even liberally construing Blue's brief, he has not identified any such external impediment. Because Blue has not demonstrated cause, the court need not consider prejudice.

With all of the claims in Blue's habeas petition procedurally defaulted, Foster's motion to dismiss must be granted.

**IT IS THEREFORE ORDERED** that respondent's motion to dismiss (ECF No. 11) is **granted**. Petitioner Randall Blue's petition for a writ of habeas corpus (ECF No. 1) is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly.

The court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). Petitioner retains the right to seek a certificate of appealability from the Court of Appeals under Rule 22(b) of the Federal Rules of Appellate Procedure.

Dated at Milwaukee, Wisconsin this 1st day of September, 2015.

*[signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge